COURT OF APPEALS OF VIRGINIA

Present:  Judges Elder, Lemons and Senior Judge Cole
Argued at Richmond, Virginia


RIVERVIEW FARM ASSOCIATES
VIRGINIA GENERAL PARTNERSHIP,
JEARALD D. CABLE AND ROBERT L. WALDROP

MEMORANDUM OPINION[*] BY
v.    Record No. 2337-98-2          JUDGE MARVIN F. COLE
                                         DECEMBER 7, 1999

COMMONWEALTH OF VIRGINIA, DEPARTMENT OF
 ENVIRONMENTAL QUALITY, ex rel. STATE
 WATER CONTROL BOARD, DENNIS TREACY, DIRECTOR
 AND EXECUTIVE SECRETARY AND WEANACK LAND
 LIMITED PARTNERSHIP


FROM THE CIRCUIT COURT OF CHARLES CITY COUNTY
Thomas B. Hoover, Judge

David S. Bailey for appellants.

Carl Josephson, Assistant Attorney General
(Mark L. Earley, Attorney General; Roger L.
Chaffe, Senior Assistant Attorney General;
E. E. Mathews, III; F. Lewis Biggs; McGuire,
Woods, Battle & Boothe LLP, on brief), for
appellees.

Amicus Curiae:  Mattaponi Indian Tribe
(Debra L. Willen; Hope M. Babcock;
Jeffrey C. Nelson; Sandra Franco, Law
Student Intern; Stephanie Tai, Law Student
Intern; Guerrieri, Edmond & Clayman;
Institute for Public Representation,
Georgetown University Law Center, on
briefs), for appellants.


Riverview Farm Associates Virginia General Partnership,

Jearald D. Cable, and Robert L. Waldrop ("appellants") appeal the

---

      * Pursuant to Code § 17.1-413, recodifying Code
§ 17-116.010, this opinion is not designated for publication.

circuit court's ruling that, based on the doctrine of sovereign immunity, it was without jurisdiction to hear appellants' appeal of a case decision by the State Water Control Board ("Board") issuing a modification of a Virginia Water Protection Permit ("VWPP") to Weanack Land Limited Partnership ("Weanack"). We hold that Code § 62.1-44.29 waived the Board's sovereign immunity from suit in this case. Accordingly, we reverse the decision of the circuit court and remand the case to the circuit court.

### FACTS

The federal Clean Water Act ("CWA") requires that an applicant for a federal license or activity which may result in a discharge to navigable waters provide the federal permitting agency with a certification from the state that the discharge will comply with specified sections of the CWA. See 33 U.S.C. § 1341. These certifications are commonly called "§ 401" certifications. In the Commonwealth, the Board issues such a certification in the form of a VWPP pursuant to Code § 62.1-44.15:5.

Weanack owns land adjacent to the James River in Charles City County that is used as a transfer point for barges off-loading cargo, including municipal waste. In October 1995, the Board issued a VWPP to Weanack for dredge and fill operations.

In October 1997, Weanack requested a modification of the 1995 VWPP pursuant to Code § 62.1-44.15:5 in order to expand and enlarge the port facility. The Board provided a public comment period during which it received comments from Jearald D. Cable

-

("Cable"). Cable also requested a public hearing, which the Board denied. The Board issued the modification to the VWPP on March 16, 1998.

Appellants appealed the Board's issuance of the modified VWPP and the Board's denial of Cable's request for a public hearing to the circuit court. Both Weanack and the Board demurred to appellants' petition for appeal, arguing, among other grounds, that sovereign immunity barred judicial review of the Board's issuance of the modified VWPP.

The circuit court heard oral arguments on the demurrer and held that the doctrine of sovereign immunity precluded judicial review of the Board's decision to modify the VWPP. The circuit court found that Code § 62.1-44.29 authorizes judicial review of final decisions of the Board, and that Code section does not specifically list Code § 62.1-44.15:5 as a section for which judicial review is authorized. Therefore, the circuit court opined that Code § 62.1-44.29 does not waive sovereign immunity to authorize judicial review of the issuance of the VWPP. This appeal followed.

## ANALYSIS

Code § 62.1-44.29 provides, in part:

> Any owner aggrieved by, or any person who has participated, in person or by submittal of written comments, in the public comment process related to, a final decision of the Board under §§ 62.1-44.15(5), 62.1-44.15 (8a), (8b), and (8c), 62.1-44.16, 62.1-44.17, 62.1-44.19 or § 62.1-44.25,

-

whether such decision is affirmative or negative, is entitled to judicial review thereof in accordance with the provisions of the Administrative Process Act (§ 9-6.14:1 et seq.) if such person meets the standard for obtaining judicial review of a case or controversy pursuant to Article III of the United States Constitution.

Code § 62.1-44.15(5) gives the Board authority

[t]o issue certificates for the discharge of sewage, industrial wastes and other wastes into or adjacent to or the alteration otherwise of the physical, chemical or biological properties of state waters under prescribed conditions and to revoke or amend such certificates.

In Alliance to Save the Mattaponi v. Commonwealth ex rel. State Water Control Bd., 30 Va. App. 690, 696, 519 S.E.2d 413, 416 (1999), this Court held that the VWPP for a reservoir project is "a certificate for the alteration of state waters" pursuant to Code § 62.1-44.15(5). We then held that Code § 62.1-44.29, "by reference to the Board's authority under Code § 62.1-44.15(5), expressly waives the Board's sovereign immunity as to the grant of that permit." Id. at 697, 519 S.E.2d at 416. We stated:

Code § 62.1-44.15:5 establishes that a VWPP "shall constitute the certification required under § 401 of the [CWA]." Although Code § 62.1-44.15:5 makes no mention of judicial review, Code § 62.1-44.29 expressly waives the sovereign immunity enjoyed by the Board's grant or denial of a VWPP on the ground that a VWPP is a permit for the alteration of state waters within the scope of that statute's waiver.

Id. at 696, 519 S.E.2d at 416.

-

Appellants' case is controlled by the decision in <u>Alliance</u>. Therefore, we hold that the doctrine of sovereign immunity did not bar appellants' appeal of the Board's modification of the VWPP.[1] Accordingly, we reverse the decision of the circuit court and remand the case to the circuit court for further proceedings in accordance with <u>Alliance</u>.

<u>Reversed and remanded</u>.

---

[1] In <u>Commonwealth v. Burns</u>, 240 Va. 171, 174, 395 S.E.2d 456, 457 (1990), the Supreme Court held that panel decisions of the Court of Appeals are subject to the rule of stare decisis and each panel is bound by the decisions of other panels until corrected through the <u>en banc</u> hearing process. <u>See</u> Code § 17.1-402(C).